UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

DAVID CLAYTON RATLIFF,

                Petitioner,

v.                                                   Civil No. 4:22-CV-478-P

BOBBY LUMPKIN, Director,
TDCJ- CID,

                Respondent.

**OPINION AND ORDER**

       Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, David Clayton Ratliff ("Ratliff"), a state prisoner confined in the Duncan Transfer Unit of the Texas Department of Criminal Justice (TDCJ-CID), against Bobby Lumpkin, director of that division, Respondent. After considering the pleadings and relief sought by Ratliff, the Court has concluded that the petition should be dismissed with prejudice as barred by the applicable statute of limitations, and alternatively, denied.

I.      **BACKGROUND**

       Ratliff is in custody pursuant to the judgments and sentences of the 213th District Court of Tarrant County, Texas, in cause numbers 1571133D and 1571132D, for evading arrest and possession of 1–4 grams of methamphetamine, both occurring on November 17, 2018. *See* TDCJ Commitment Inquiry, Answer (Exhibit A) 2-3, ECF 15-1. Ratliff pleaded guilty, and on January 23, 2020, was sentenced to ten years' imprisonment for each conviction. *Id.* In this proceeding, however, Ratliff challenges prison disciplinary case number 20210010176. Pet. 5, ECF No. 1. Thus, the procedural history of any direct or collateral proceedings with regards to Ratliff's holding convictions is not relevant to the disposition of this case and is therefore not reviewed.

       On September 18, 2020, at 12:35 p.m., Ratliff was notified that he was being charged with exposing a mailroom clerk to semen by sending out a letter with dried semen on the paper. Disciplinary Hearing Record ("DHR") at 3-10,

ECF No. 16-1. On September 22, 2020, at 11:55 a.m., the disciplinary hearing officer convened Ratliff's hearing and ultimately found him guilty of the charge and assessed his punishment as: (1) a loss of forty-five days of recreation privileges; (2) a loss of sixty days of commissary privileges; (3) a reduction in class from S3 to L1; and (4) a loss of sixty days of good-time credit. *Id.* at 3. On March 2, 2021, Ratliff filed a Step One grievance directly challenging this disciplinary proceeding resulting in grievance number 2021077461, but TDCJ officials returned that grievance the same day because the time to file a grievance had expired.[1] Disciplinary Grievance Records ("DGR") at 1–3. This proceeding under § 2254 followed.

II.     ISSUES

The Court understands Ratliff to allege the following grounds for relief:

(1) The evidence is insufficient to support his disciplinary violation because he simply used commissary-purchased-white watercolor as a form of white out;

(2) Ratliff was denied his right to due process when TDCJ failed to test the substance; and

(3) Ratliff's disciplinary violation is the result of perjured testimony.

Pet. at 6–7, Attached Memo 12, ECF No. 1.

III.    RULE 5 STATEMENT

The Respondent argues that the § 2254 petition in this case is barred by limitations, 28 U.S.C. § 2244(d), and that his claims were not properly exhausted and procedurally barred. The Respondent reserved the right to argue any other procedural bars, pending the Court's resolution of the time-bar and procedural bar

---

1.The Respondent provided a copy of Ratliff's commitment inquiry as Exhibit A. Resp (Exhibit A) 1-3, ECF No. 15-1. The Respondent also provided copies of the Disciplinary Hearing Record ("DHR"), the Disciplinary Grievance Record ("DGR"), and the Disciplinary Hearing Audio ("DHA") with accompanying business records affidavits as state court records. ECF Nos. 16, 16-1, 16-2, 16-3 and 16-4.

The Respondent also requested and obtained records pertaining to grievance number 2021010431 because Ratliff referenced that separate grievance in his § 2254 petition. The Respondent included these records as Miscellaneous Grievance Records ("Misc. GR") for the limited purpose of completion. Resp. 3-4, ECF No. 15.

issues. Resp. 4, ECF No. 15.

## IV.    ANALYSIS/LIMITATIONS

### A.    Application of the Statute of Limitations

Title 28, United States Code, § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Ratliff's disciplinary challenge is subject to this limitations provision. *See Kimbrell v. Cockrell*, 311 F.3d 361, 363 (5th Cir. 2002) (AEDPA's one-year statute of limitations applies to petitions attacking prison disciplinary proceedings).  Section 2244(d) provides:

(d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the

3

claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

As noted above, Ratliff does not directly challenge his convictions in this § 2254 proceeding. Pet. 2, 5–7, ECF No. 1. Thus, the limitations statute cannot begin to run when his convictions became final under 28 U.S.C. § 2244(d)(1)(A). Moreover, the record does not reflect that any unconstitutional "State Action" prevented Ratliff from filing for federal habeas corpus relief prior to the end of the limitations period. *See* 28 U.S.C. § 2244(d)(1)(B). Additionally, Ratliff's claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. *See* 28 U.S.C. § 2244(d)(1)(C). Therefore, in this case the only applicable limitations start date provision is "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D); *Kimbrell*, 311 F.3d at 362–64 ("Kimbrell knew he was deprived of several thousand days of good time . . . when the hearing was held on December 2, 1998."). Applying this law to the facts in this proceeding, the factual basis for Ratliff's claims occurred on September 22, 2020, the of his disciplinary hearing and assessment of punishment. DHR at 3, ECF No. 16-1. Therefore, the running of the one-year limitation period expired one year later on September 22, 2021, absent application of either statutory or equitable tolling.

1.    Tolling Under 28 U.S.C. § 2244(d)(2)

The AEDPA provides that "the time during which a properly filed application for State post–conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." 28 U.S.C. § 2244(d)(2). For purposes of this review, the Court will construe the grievance proceedings which Ratliff was

4

required to pursue to exhaust his administrative remedies, to be "other collateral review . . . ." 28 U.S.C. § 2244(d)(2).[2]

Ratliff's Step 1 Grievance was filed and returned on March 2, 2021, because it was filed outside of the applicable time period. DGR 2-4, ECF No. 16-2. Even assuming that Ratliff's Step 1 Grievance tolls the limitations period despite being untimely itself, this grievance would only toll the limitations period for the one day on which it was filed and returned. *Id.* Consequently, Ratliff would have had until September 23, 2021, to timely file his federal petition for writ of habeas corpus.

For purposes of determining the applicability of AEDPA, a federal petition is filed on the date it is placed in the prison mail system. *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998). In this § 2254 petition, however, there is nearly a three-month delay between Ratliff's signature date on February 28, 2022, and the Court's file-stamp date of May 26, 2022. Pet at 1, 10, ECF No. 1. The Respondent informed the Court that mail logs had been requested to determine the date upon which Ratliff submitted his § 2254 petition to the prison mailing system but were never received. Resp. 7 n. 5, ECF No. 15. Thus, the Respondent acknowledged that the date of Ratliff's signature on February 28, 2022 must be used for purposes of § 2244 analysis. *Id.* Even so, when Ratliff constructively filed his § 2254 petition on February 28, 2022, he did so approximately five months too late.[3] Pet. 10, ECF No. 1.

### 2. Equitable Tolling

The one-year limitation period for filing a petition under § 2254 is subject

---

2. In *Kimbrell*, the 5th Circuit stated, "[t]he timely pendency of prison grievance procedures would have tolled the one-year period . . . ." 311 F.3d at 364. The court there did not indicate whether the tolling would be equitable tolling or statutory tolling governed by 28 U.S.C. § 2244(d)(2). *Id.* The Respondent notes this, but acknowledges these disciplinary grievance proceedings are the only vehicle to address claims raised by an inmate before proceeding to federal court. Resp. 6-7 n. 4, ECF No. 15 (citing *Ex parte Brager*, 704 S.W.2d 46, 46 (Tex. Crim. App. 1986)).

3. The Respondent also noted that even if Ratliff's grievance filed about the actions of mailroom staff was considered for tolling purposes (tolling of forty-four days, from September 24, 2020 through November 6, 2020), Ratliff's federal petition would remain untimely by nearly four months. Resp. 7 n. 5, ECF No. 15; Misc. GR.1-6, ECF No. 16-3.

to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645-46 (2010). Equitable tolling should be applied only in "rare and exceptional circumstances." *Felder v. Johnson*, 204 F.3d 168, 170–71 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). More specifically, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Grooms v. Johnson*, 208 F.3d 488, 489–90 (5th Cir. 1999) (citing *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (*abrogated on other grounds by Causey v. Cain*, 450 F.3d 601, 605 (5th Cir. 2006)). The petitioner bears the burden to show entitlement to equitable tolling. *See e.g. Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000). Nothing in the records suggests the state misled Ratliff.

Moreover, "[i]n order for equitable tolling to apply, the applicant must diligently pursue his § 2254 relief." *Coleman*, 184 F.3d at 403. Ratliff has failed to diligently pursue such relief because, as established above, he waited nearly one year from the return of his Step 1 grievance to file his federal writ petition. "[E]quity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (citing *Covey v. Ark. River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)). Therefore, equitable tolling is not warranted in this case.

In sum, as Ratliff's § 2254 petition was filed far beyond the applicable one-year deadline from the applicable limitations commencement date under 28 U.S.C. § 2244(d)(1)(D),   and as he has not shown that he is entitled to statutory or equitable tolling, the petition under § 2254 must be dismissed with prejudice as barred by the applicable statute of limitations.

## V.     ANALYSIS-ALTERNATIVE GROUNDS

### A.     Claims are Unexhausted and Procedurally Barred.

In the alternative, the Court finds and determines that, for the reasons stated in the response at Section II, Ratliff has failed to properly exhaust his administrative remedies, and because any efforts to do so would now be futile, his claims are alternatively procedurally barred.

### B.     Claims Challenging Loss of Privileges/Change in Custodial Classification Fail to State a Due Process Violation

Furthermore, with regard to Ratliff's challenges to his punishments of a (1) loss of forty-five days of recreation privileges; (2) loss of sixty days commissary privileges; and (3) reduction in line class status, as explained in Section III of the response, those punishments do not violate the due process clause sufficient to state a claim of a federal constitutional violation. Thus, as to Ratliff's challenges to these punishments, his claims must be denied.

C.     **Ratliff's Challenge to his Loss of Good Time Credit Fails**

Finally, to the extent Ratliff challenges the loss of good time as a violation of his right to due process of law, such claim fails for the detailed reasons provided in the response Section IV. As listed therein, Ratliff's disciplinary proceeding satisfied the applicable due process requirements, because Ratliff: (1) received notice of the charges against him; (2) was provided a chance to call witnesses and present evidence; (3) was provided with a written statement of the evidence relied upon by the fact-finder; (4) was provided substitute counsel; and (5) the hearing officer's determination of guilt was supported by sufficient evidence. Thus, as to Ratliff's challenges to his loss of good time credit, such claims must be denied.

## VI.     CONCLUSION

It is therefore **ORDERED** that David Clayton Ratliff's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is **DISMISSED** with prejudice as time-barred, and alternatively, is **DENIED**. Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this **13th day** of **March, 2023.**


Mark T. Pittman
UNITED STATES DISTRICT JUDGE